IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHIRLEY A. TYUS**                                                                                      **PLAINTIFF**

**v.**                                        **No. 4-02-CV-00749-WRW**

**CONWAY POLICE DEPARTMENT, et al.**                                            **DEFENDANT**

## ORDER

Pending are Defendants' Motions for Summary Judgment (Doc. Nos. 87, 91). Plaintiff has responded (Doc. No. 90).

## I.  BACKGROUND

Plaintiff brings this cause of action for alleging violations of her civil and constitutional rights. She asserts that she was unlawfully arrested on May 8, 2001 and July 24, 2002 and that her home was unlawfully searched on July 24, 2002. Plaintiff also asserts claims for defamation and outrage.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[4] This court must view the facts in the light most favorable to the party opposing the motion.[5] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

---

[2]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

## CONCLUSION

After reviewing the papers and Plaintiff's deposition testimony, I find that there are no material facts in dispute and that no reasonable jury could return a verdict for Plaintiff. Accordingly, Defendants' Motions for Summary Judgment (Doc. Nos. 87, 91) are GRANTED.

IT IS SO ORDERED this 3rd day of March, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE